UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA MAYNEZ, et al., | ) 1:09-cv-01422-AWI-SMS |
| Plaintiffs, | ) ORDER GRANTING APPLICATION OF ) DEFENDANT JOSE MORENO TO PROCEED |
| v. | ) IN FORMA PAUPERIS (DOC. 14) ) |
| ELIZABETH GARZA, et al., | ) INFORMATIONAL ORDER TO DEFENDANT ) CONCERNING IN FORMA PAUPERIS ) STATUS |
| Defendants. | ) ) ) |

Plaintiffs are proceeding with a civil action. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303. Pending before the Court is the application of Defendant Jose Moreno to proceed in forma pauperis filed on September 29, 2009.

I. Application to Proceed in Forma Pauperis

Defendant Jose Moreno has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis IS GRANTED. 28 U.S.C. § 1915(a).

II. Informational Order to Defendant

Defendant IS INFORMED that 28 U.S.C. § 1915(a)(1) provides that any court of the United States may authorize the

1

commencement, prosecution of defense of any civil or criminal suit, action, proceeding, or any appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees or give security therefor. Id.; Floyd v. United States Postal Service, 105 F.3d 274, 275-77 (6th Cir. 1997), modified on other grounds in Callihan v. Schneider, 178 F.3d 800, 801 (6th Cir. 1999). The affidavit should state the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a).

However, the fees covered by the statute do not include every fee or cost associated with maintenance or defense of an action; rather, it has been held that the statute contemplates only postponement of payment of the fees or costs imposed by the court or its officers, such as the clerk or marshal; it does not authorize affirmative expenditures by the court. Barcelo v. Brown, 655 F.2d 458, 462 (1st Cir. 1981) (noting that in the absence of an appeal, 28 U.S.C. § 1915(a) did not authorize a district court to order payment of daily trial transcripts); Papas v. Hanlon, 849 F.2d 702, 703-04 (1st Cir. 1988) (upholding an order requiring litigants proceeding in forma pauperis to pay stenographers' fees where the deponents failed to appear, recognizing the discretionary nature of the statute, and noting various authorities permitting the taxing of costs against parties proceeding in forma pauperis who had proceeded maliciously or in bad faith); Evans v. Tennessee Dept. of Corrections, 514 F.2d 283, 284 (6th Cir. 1975) (holding that

there was no basis for the clerk or marshal to recover the filing fee or costs of service from an unsuccessful plaintiff who had been permitted to proceed in forma pauperis).

It has been held that § 1915(a) does not authorize payment of the fees of a court reporter, Estabrook v. King, 119 F.2d 607 (8th Cir. 1941); but see 28 U.S.C. §s 753(f), 1915(c). A party proceeding in forma pauperis is generally initially responsible for payment of discovery costs, including the costs of depositions, such as fees of court reporters for reporting and transcripts. Wright v. United States, 948 F.Supp. 61, 61-62 (M.D. Fla. 1996) (collecting cases). Likewise, although the fees for serving a witness may be waived, a party is nevertheless responsible for the costs of witness fees and mileage, whether for a subpoena ad testificandum, Dixon v. Ylst, 990 F.2d 478, (9th Cir. 1993), Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989); or for a subpoena duces tecum, Windsor v. Martindale, 175 F.R.D 665, 670 (D. Colo. 1997).

IT IS SO ORDERED.

**Dated:    October 22, 2009**            /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE