UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA MAYNEZ and ARTURO MAYNEZ,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ELIZABETH GARZA, CALEB J. KHAN, SUMMERFIELD MORTGAGE & REALTY, AMERICA'S WHOLESALE LENDER, and JOSE MORENO, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | CIV-F-09-1422 AWI SMS<br><br>ORDER REMANDING CASE TO THE SUPERIOR COURT, COUNTY OF FRESNO |

**I. History**[1]

　　Plaintiffs Delia and Arturo Maynez live at 13401 East Ann Avenue in Parlier, CA. Plaintiffs refinanced the mortgage on their house. Defendant Countrywide Home Loans, doing business as America's Wholesale Lender ("Countrywide"), was the lender on that transaction. Defendant Summerfield Mortgage & Realty ("Summerfield") was the mortgage broker. Summerfield was owned by Defendant Caleb J. Khan. Defendant Elizabeth Garza was the loan processor. Defendant Jose Moreno was the notary public who notarized the refinancing

---

[1]The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

documents. In discussing the deal, Defendant Garza promised Plaintiffs that they could refinance at a rate of 6.5%. Plaintiffs signed the refinancing documents on April 20, 2006. Plaintiffs discovered one year later that their interest rate had increased to 8.2%; they had an adjustable rate mortgage. Looking through the documents, Plaintiffs found signatures and initials that were forged. Plaintiffs contacted the Parlier Police Department. Investigation revealed that the documents were notarized by Defendant Moreno outside of Plaintiffs' presence.

Plaintiffs filed suit in Superior Court, County of Fresno on October 17, 2008, alleging eight causes of action: (1) violation of the Truth in Lending Act ("TILA"), (2) predatory lending, (3) breach of fiduciary duty, (4) fraud and forgery, (5) violation of Cal. Bus. & Prof. Code §17200, (6) intentional infliction of emotional distress, (7) negligent infliction of emotional distress, and (8) conspiracy. Defendants removed the case to federal court based on federal question jurisdiction over the TILA claim. Countrywide then filed a motion to dismiss to which Plaintiffs filed no opposition. The matter was taken under submission without oral argument.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), citations omitted. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the

Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted.  The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

    In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition

3

to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

The federal removal statute permits the removal from state court to federal court of cases that might have been filed in federal court originally. See 28 U.S.C. §1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). "Thus, the court can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995). In other words, a district court may remand a removed case *sua sponte* if it determines that it lacks subject matter jurisdiction over the case. See Parker v. Ho Sports Co., 2005 U.S. Dist. LEXIS 37289 at *1 (E.D. Cal. 2005); Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 990 (D. Nev. 2005); Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1188 (N.D. Cal. 1997); cf. Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192-93 (9th Cir. 2003) (holding that a court may not *sua sponte* remand for procedural defects in removal but noting a distinction between procedural and jurisdictional defects and that a "district court must remand if it lacks jurisdiction").

### III. Discussion

This case was removed to federal court because of the TILA claim. Plaintiffs allege "DEFENDANTS, and each of them, violated the provisions of the Federal Truth in Lending Act and Regulation Z under the Act in relation to the above-described transaction by failing to make

required disclosures, including but not limited to disclosures related to the finance charges, charging excessive fees, entering into the contract without a good faith belief that Plaintiffs could make the required payments....Plaintiffs [are] entitled to recover from DEFENDANTS, and each of them, twice the amount of the finance charges imposed in connection with the above-mentioned contracts." Doc. 2, Ex. A, Complaint, at 7:15-24.  Generally, TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights. Failure to satisfy the Act subjects a lender to criminal penalties for noncompliance, as well as to statutory and actual damages traceable to a lender's failure to make the requisite disclosures, see §1640." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998), citations omitted.  "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. §1640(e).  The one-year limitations period "runs from the date of consummation of the transaction but...the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action." King v. California, 784 F.2d 910, 915 (9th Cir. 1986).  For purposes of TILA, "consummation" is defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); Grimes v. New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003).

    Countrywide argues that the TILA claim is time-barred.  Defendant Garza does not appear to have been served in this case.  The other Defendants have filed answers to the complaint.  They have all raised statute of limitations as an affirmative defense. See Doc. 13, Moreno Answer, at 8:15-18; Doc. 18, Khan's and Summerfield's Answer, at 9:6-10.

    In this case, Plaintiffs signed the refinancing documents on April 20, 2006.  Plaintiffs claim, "It was not until one year later that PLAINTIFFS realized they had been mislead and misinformed." Doc. 2, Ex. A, Complaint, at 4:3-5.  That is, it appears that Plaintiffs did not realize that their mortgage was an adjustable rate mortgage until the interest reset after twelve months.  Accepting those allegations as true, the statute of limitations might be equitably tolled

5

for one year.  Countrywide argues, "Any potential equitable tolling argument is also barred because Plaintiffs specifically allege they discovered the alleged wrongdoing around April 2007 (Compl. ¶11), well over a year before the October 2008 lawsuit." Doc. 12, Countrywide Brief, at 4:1-3.  Plaintiffs have not filed any opposition to Countrywide's brief to disagree with the assertion that the statute of limitations has run out.  Thus, it is clear that Plaintiffs filed their TILA claim beyond the one-year limitations period.

       Dismissal of the TILA claim against all Defendants is appropriate.  As the remaining claims are all rooted in state law, there is no longer any federal question jurisdiction.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

### IV. Order

       Plaintiffs' TILA claim, the first cause of action, is DISMISSED as to all Defendants.  The case is REMANDED to the Superior Court, County of Fresno.

IT IS SO ORDERED.

**Dated:**   **May 4, 2010**                  /s/ **Anthony W. Ishii**
                                                  CHIEF UNITED STATES DISTRICT JUDGE